## Cummins *versus* Hurlbutt.

1. To set aside a written instrument on the ground of fraud, the evidence thereof must be clear, precise and indisputable, and of that which occurred at the execution of the instrument.

2. A jury should not be permitted to find fraud to impeach a settlement in writing on any fancied equity, or on vague, slight or uncertain evidence, although they might think it fairly and fully satisfied them.

November 17th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.    STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Beaver county* : Of October and November Term 1878, No. 21.

This was the petition of Charles D. Hurlbutt to open a judgment given by said Hurlbutt to Samuel P. Cummins.    The court granted a rule on plaintiff in said judgment to show cause why it should not be opened, and afterwards made the rule absolute.    The defendant then pleaded "want of consideration and fraud."    The suit was before Stowe, P. J., of the Court of Common Pleas, No. 2, of Allegheny county.    The following assignments of error and the facts set forth in the opinion of this court sufficiently state the case :

1. The court erred in refusing the plaintiff's eighth point : "That upon all the evidence in the case, the compromise agreement of September 30th 1870, is conclusive upon the defendant, and the verdict of the jury should be for the plaintiff."

2. The court erred in that part of its charge, which is in these words : "Now this agreement" (that of September 30th 1870) "estops the defendant from setting up any fraud in the original agreement which he had discovered up to that time, and it is his duty to fully and fairly satisfy you that he was again imposed upon and defrauded by plaintiff in regard to this last agreement.    Here the allegation is that the fraud consisted in representing and inducing the defendant to believe that the three feet vein was the one that had the great value in it, and was good for gas purposes. This is as emphatically denied by the plaintiff as it is insisted upon as being true by defendant.    Here again the facts are for you. We can only say if it is not found by you to be true (and it is the duty of the defendant to fairly and fully satisfy you by the evidence that it is true) you should find for the plaintiff; but if it is true, then you should find for defendant to an extent, and deduct from plaintiff's claim to an amount equal to the difference between the value of the property as it actually was at the time of the compromise and as it would have been if it had been as represented."

*S. B. Wilson* and *Frank Wilson*, for plaintiff in error.—We

deny that there was any fraud on the part of the plaintiff in the original contract. It was simply a trade of lands in which, as is usual, each party praised the qualities and overestimated the value of his own property. Moreover, it was consummated after a thorough examination by the defendant. But inasmuch as the defendant's testimony in regard to that transaction was to some extent corroborated by that of his wife and son, it was properly submitted to the jury. But the allegation of fraud in the procurement of the compromise agreement, of September 30th 1870, stands upon a very different footing. In regard to that transaction the defendant relied solely upon his own testimony, which was emphatically contradicted by the plaintiff, and was not corroborated by any circumstances in the case. It should, therefore, we think, have been withdrawn from the jury or submitted in very different language from that contained in the charge.

But even if the testimony of the defendant had been sustained by other evidence, did it furnish any sufficient ground for setting aside the written contract? The substance of his complaint about the compromise, stated in his own words, was this: "The basis of the compromise was that he (the plaintiff) said the three feet vein was the one the money was in, and I believed it." This at most was but the expression of an opinion, as to the correctness of which the parties had equal means of information. Where the means of knowledge are equally accessible to both parties, each must judge for himself: Kintzing *v.* McElrath, 5 Barr 467. It is error te submit a question of fraud to the jury upon slight parol evidence to reform a written instrument. The evidence of fraud must be clear, precise and indubitable, otherwise it should be withdrawn from the jury : Stine *v.* Sherk, 1 W. & S. 195 ; Irwin *v.* Shoemaker, 8 Id. 75 ; Dean *v.* Fuller, 4 Wright 474. Since parties are allowed to testify in their own behalf, it has become still more necessary that this important rule should be strictly adhered to and enforced: Pennsylvania Railroad Co. *v.* Shay, 1 Norris 198.

*J. J. Wickham* and *E. B. Daugherty*, for defendant in error.— It is very seldom that perfectly clear proof can be produced of a a fraud. In civil cases one party is as much entitled as the other to any doubt which may arise on the evidence. If the defendant in this case produced such evidence of the fact he alleged against the plaintiff's paper, as the jury could *reasonably* and *safely* rest their conciences upon, it was enough : Abbey *v.* Dewey, 1 Casey 413.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

We cannot say the court erred in refusing to affirm plaintiff's eighth point. The first specification of error is not sustained. The

[Cummins v. Hurlbutt.]

second is to the charge of the court, stating the certainty of the evidence necessary to impeach a written instrument for fraud.

In November 1869, defendant purchased of the plaintiff, certain lands, on which a mine of coal was opened, situate in Beaver county. In payment thereof, he conveyed to plaintiff some lands in Missouri, and others in Delaware; and gave his bond with warrant of attorney to confess judgment, conditioned for the payment of $33,643.40, payable in instalments. Judgment was entered thereon. The vein which had been worked, was visited and examined by the defendant before he purchased. He took possession under his purchase, and mined and shipped coal to market. He had difficulty in selling it. The quality was not as good as he claimed it had been represented by the plaintiff. He became dissatisfied, complained to the plaintiff and urged relief. On the 19th July 1870, he wrote plaintiff urging him to do "justice voluntarily" to avoid "making a legal process necessary." Interviews followed between the parties. The negotiation finally resulted in a compromise and settlement, made in writing, signed and sealed by the parties, on the 30th September following. By the terms thereof, the plaintiff gave back to the defendant the lands in Missouri, and agreed to receipt and satisfy five several payments on the judgment, amounting in the aggregate to $13,045. In consideration of which, the writing averred, the defendant "waives all objection to the payment of the remaining several payments on said bond, at maturity." The five instalments were receipted on the judgment in pursuance of agreement. In December 1875, defendant applied to court to have the judgment opened. In June following, the rule to open was made absolute. The defendant pleaded "want of consideration and fraud." The object was to avoid the payment of the remaining instalments. This writ of error is to the judgment entered on the trial of that issue.

The defendant attacked this deed of settlement and compromise, on the ground of alleged fraud. While this written instrument presents no legal bar against being impeached for fraud in the original purchase, yet this should not be done on doubtful or uncertain evidence. This agreement was executed about ten months after the defendant had received a deed and taken possession of the land. He had worked one of the mines, and appears to have had ample time and sufficient opportunity to inform himself in regard to the character and value of his purchase. With all this actual or presumed knowledge, and to avoid making "a legal process necessary," he executed the instrument which he now seeks to impeach. He accepted and retains the land in Missouri, restored to him, and the benefit of the satisfaction of $13,045, on the judgment. He keeps all which the writing avers to be the consideration for his waiving all objection to the payment of the residue of the judgment, and now seeks to avoid the payment of that residue.

[Cummins *v.* Hurlbutt.]

His present defence then starts with a presumption against his right to make this further defence. The presumed conclusive effect of this writing, is sought to be overthrown by the evidence of the defendant, that he did not at the time of its execution accuse the plaintiff of fraud, nor think he had intentionally misrepresented in regard to the coal. It is, therefore contended, that the compromise was not made under any allegations of fraud, and consequently, no such question, was settled. On the other hand, the plaintiff testifies, that before the compromise, the defendant did charge him with fraud, and with having cheated and deceived him. Two other witnesses corroborate and sustain the plaintiff. The latter further testified, that the whole basis of the compromise was to avoid the law, and that they settled all matters. If the question of fraud in the sale was compromised and settled, it is conceded that it cannot again be set up by the defendant. In view of the undoubted fact, that the object of the compromise was to settle a controversy in regard to the plaintiff's representations on a sale of the land, and that it resulted in a specific ratification of the part of the judgment now in dispute, we think the charge of the court was inadequate. It was hardly sufficient to say, the defendant should fairly and fully satisfy them of the fraud alleged by him. Under the unquestioned circumstances of this case, the jury should not be permitted to find fraud to impeach the written settlement, on any fancied equity, nor on vague, slight or uncertain evidence, although they might think it fairly and fully satisfied them. The evidence of fraud should be clear, precise and indubitable, and of that which occurred at the execution of the instrument. Evidence less than this, is insufficient to justify setting it aside for fraud : Stine *v.* Sherk, 1 W. & S. 195; Irwin *v.* Shoemaker, 8 Id. 75. In so far as the part of the charge covered by the second specification, is in conflict with this opinion, the assignment is sustained.

Judgment reversed, and a *venire facias de novo* awarded.