## Turner *v.* Towanda Borough, Appellant.

*Negligence—Boroughs—Ice on sidewalk—Pedestrian—Contributory negligence—Case for jury.*

In an action against a borough to recover damages for personal injuries resulting from falling on a ridge of ice on the sidewalk of a main street of the defendant borough, the case was for the jury and a verdict for the plaintiff was sustained where it appeared that the flag stones with which the walk was paved were not uniform in height and on the lower of them pools of water some two inches deep collected, and by freezing and thawing formed slush and accumulated snow that became worn into ridges and extended across the walk; that the walk had been out of repair for several years and the ridges of ice had been on it a number of weeks; that the plaintiff was familiar with the condition of the walk and knew of the ridges of ice, but not of their exact location, and was carefully trying to avoid them; that it was dark and a slight fall of snow obscured the ridges, and shadows of poles, tree branches and wires fell across the pavement; and that the sidewalk on the opposite side of the street was in the same condition, and it did *not* appear that there was a safer way open to the plaintiff.

Argued March 16, 1914. Appeal, No. 389, Jan. T., 1913, by defendant, from judgment of C. P. Bradford Co., Dec. T., 1911, No. 285, on verdict for plaintiff in case of Jennie D. Turner v. Borough of Towanda. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass for personal injuries. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for the plaintiff for $2,680, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for the defendant and to enter judgment for defendant non obstante veredicto.

*Rodney A. Mercur,* for appellant.

*J. Roy Lilley,* with him *William P. Wilson* and *Mial E. Lilley,* for appellee.

PER CURIAM, March 30, 1914:

The plaintiff was seriously injured by falling on a ridge or mound of ice on the sidewalk of a main street of a borough. The flag stones with which the street was paved were not of uniform height and on the lower of them pools of water some two inches deep collected which by freezing and thawing formed slush and accumulated snow that became worn into ridges that extended across the walk. The walk had been out of repair for several years and the ridges of ice had been on it a number of weeks. The main question at the trial was whether the plaintiff's contributory negligence barred a recovery. She was familiar with the condition of the walk and knew of the ridges of ice but not of their exact location and was carefully trying to avoid them. It was dark and a slight fall of snow obscured the ridges and the shadows of poles, tree branches and wires across the pavement increased her difficulty. The sidewalk on the opposite side of the street was in the same condition and it did not appear that there was a safer way open to her. She was not unnecessarily or heedlessly testing a known danger but attempting to guard against one that she could not avoid. Whether she exercised proper care

was a question for the jury and we find no error in the manner in which it was submitted that calls for a reversal.

The judgment is affirmed.