# Garvey, Appellant, *v.* Thompson.

*Ejectment—Record title—Uncontroverted facts—Case for court.*
1. In an ejectment, where both parties claim a good record title, and such title involves no controverted facts, the question of the record title is for the court.

*Ejectment—Adverse possession—Case for jury.*

2. In an ejectment where defendant sets up title by adverse possession, and this is controverted by plaintiff, the case is for the jury, and a verdict and judgment for plaintiff will not be reversed on appeal, where there is no reversible error in the manner in which the case was laid before the jury.

*Appeals — Statement of questions involved — Assignments of error.*

3. Questions raised by assignments of error will not be considered where they are neither expressly covered nor suggested in the statement of questions involved.

Argued October 1, 1920. Appeal, No. 91, Oct. T., 1920, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1918, No. 292, on verdict for defendant, in case of I. V. Garvey v. Elizabeth Thompson. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment for land in Burrell Township. Before COPELAND, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings and instructions.

*S. W. Bierer* and *S. A. Kline,* of *Kline & Kline,* for appellant.

*Charles E. Whitten,* with him *Glenn Machesney, Horace G. Durbin* and *Paul H. Gaither,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

This is an action of ejectment in which judgment was entered on a verdict for defendant; plaintiff has appealed.

Both parties claim a good record title, and defendant also alleges title by adverse possession.

The record title, which involved no controverted questions of fact, was for the court, and the trial judge instructed thereon in favor of defendant; but, at the same time, he submitted the case to the jury for a special verdict on the issue of adverse possession, set up by defendant and denied by plaintiff.

The jury found against plaintiff generally, and, specially, "that defendant had adverse possession for 21 years"; in view of this latter finding it is not necessary to discuss or determine the many interesting points dealt with by counsel, as to the correctness of the view of the learned court below on the question of the record title.

Neither the points for charge, nor the exceptions to the instructions of the trial judge, nor other entries on the record, suggest that, at trial, plaintiff stood on the ground, now so seriously taken, that he never left the tract in controversy, but merely moved to another part thereof, where he remained during all of defendant's alleged possession; however that may be, all issues raised, as to defendants alleged adverse possession, were for the jury on the evidence, and none of appellant's assignments suggests otherwise, nor do we find any which shows reversible error in the manner in which the case was laid before the jury.

Plaintiff, under some of his assignments of error, contends that certain records offered by him, and refused by the trial judge, should have been admitted; but this point need not be considered, for it is neither expressly covered nor suggested by the statement of questions involved. We will say, however, that we are not impressed by any of these complaints.

All assignments comprehended by the statement of questions involved, which go to what we have ruled to be the controlling branch of this case, are overruled; the others are dismissed.

The judgment is affirmed.