# Keck *v.* Pittsburgh, Harmony, Butler & New Castle Railway Co., Appellant.

*Appeals—Assignments of error—Charge — Points — Request to transcribe and file of record.*

1. Error cannot be assigned to portions of a charge or to answers to points, unless there has been a request that the charge with the points and answers be transcribed and filed of record.

*Appeals—Assignments of error—Judgment n. o. v.—Request to transcribe—Act of April 22, 1905, P. L. 286.*

2. Under the Act of April 22, 1905, P. L. 286, error can be assigned to a refusal to enter a judgment non obstante veredicto, even though there was no request to transcribe and file the charge of record, and though no exception was taken to the reservation or declination of the point for binding instructions.

*Appeals—Assignments of error—Nonsuit—Refusal of nonsuit.*

3. A refusal to enter a compulsory nonsuit is not reviewable on appeal.

*Appeals—Statement of questions involved.*

4. Assignments of error which are neither expressly covered by nor suggested in the statement of the questions involved, are not considered.

*Appeals—Binding instructions—Evidence and inferences.*

5. In determining whether or not binding instructions should have been given, all the evidence and inferences therefrom, favorable to appellee, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected.

*Negligence—Railways—Crossings—Disrepair.*

6. Recovery may be had against a railway company, if an accident happens at a public crossing solely by reason of the fact that, in violation of its duty, it allowed the crossing to fall into a state of disrepair.

*Negligence—Railways—Interurban—Stop, look and listen.*

7. The driver of an automobile is not guilty of contributory negligence, as a matter of law, if he does not stop before crossing the tracks of an interurban railway; if he looks and listens and continues to do so before and during the crossing, the question is one for the jury and not for the court. Rule of Carroll v. R. R., 12 W. N. C. 348, distinguished.

Argued October 4, 1921. Appeal, No. 104, Oct. T., 1921, by defendant, from judgment of C. P. Butler Co., Dec. T., 1917, No. 47, on verdict for plaintiff, in case of John Keck v. Pittsburgh, Harmony, Butler & New Castle Railway Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries, and for death of wife. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,952.40. Defendant appealed.

*Errors assigned* were various instructions and rulings, sufficiently appearing by the opinion of the Supreme Court.

*J. Campbell Brandon,* with him *S. S. McCahill* and *W. D. Brandon,* for appellant.—If plaintiff failed to look immediately before crossing, he cannot recover: Bready v. Transit Co., 68 Pa. Superior Ct. 298.

In this state the courts have in the past refused to declare that the stop, look and listen rule of steam roads applies to interurban trolleys. There is, however, now a tendency to qualify this rule: Spahr v. York Rys., 50 Pa. Superior Ct. 602.

*John R. Henninger,* with him *James E. Marshall,* of *Marshall & Watson,* for appellee.—There is no question stated or attempted to be stated that could possibly be raised by several of the assignments of error. Assignments of error that are based on answers to points will not be reviewed when no request was made at the trial to file the points and answers with the charge and make it part of the record: Ward v. Babbitt, 270 Pa. 370; Mackowski v. Transit Co., 265 Pa. 34; Patton v. Allegheny L. & T. Co., 36 Pa. Superior Ct. 296.

Refusal of the court to grant a nonsuit is not assignable as error: Easton Boro. Incorporation v. Neff, 102 Pa. 474; Keiser v. Eberly, 226 Pa. 21; Gardner v. Bitner, 57 Pa. Superior Ct. 106.

The stop, look and listen rule does not apply to interurban street railway crossings: Spahr v. Rys., 50 Pa. Superior Ct. 602; Smathers v. Ry., 226 Pa. 212; Talley v. Traction Co., 227 Pa. 393.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

Plaintiff sued to recover for damages resulting from a collision between his automobile and a trolley car of defendant company; the verdict and judgment were for plaintiff, and defendant appeals.

Five of the assignments of error allege mistakes made by the trial judge in answering points for charge, but, since defendant did not request that the charge and the points and answers be transcribed and filed of rec-

ord, we cannot consider these matters (Allegro v. Rural Valley Mut. Fire Ins. Co., 268 Pa. 333; Ward v. Babbitt, 270 Pa. 370); one of the others complains of the refusal to enter a compulsory nonsuit, but this is not reviewable on appeal (Wallace v. Jameson, 179 Pa. 98); and three of the remainder relate to the alleged improper admission of evidence, but, as these matters are neither expressly covered by nor suggested in the statement of the question involved, they also are not to be considered: Furman v. Broscious, 268 Pa. 119; Garvey v. Thompson, 268 Pa. 353. The only remaining assignment alleges error in refusing to enter judgment for defendant non obstante veredicto, and this we may review, for the Act of April 22, 1905, P. L. 286, applies in all cases where a request for binding instructions was in fact presented and reserved or declined, and requires the court below, if a proper motion is made, to "certify the evidence," and to grant an exception "to the party against whom the judgment is entered."

The statement of the questions here involved further limits our inquiry to a determination of whether or not plaintiff was guilty of contributory negligence. We must, therefore, assume there was sufficient evidence of defendant's negligence to justify its submission to the jury (Furman v. Broscious, supra; Garvey v. Thompson, supra) and, in determining whether or not binding instructions should have been given, because of the contributory negligence alleged, "all the evidence and inferences therefrom favorable to plaintiff must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected": Wiles v. Emerson-Brantingham Co., 267 Pa. 47; Fuller v. Stewart Coal Co., 268 Pa. 328.

Thus considered, we find the facts to be as follows: Plaintiff was riding in his automobile on a public highway, "probably the most travelled road in that part of the country," which was crossed at grade by the tracks of the railway company. Defendant's roadway was

upon its own property, and the evidence showed its duty was to keep the approach to and the space between the rails in a proper condition for the passage of vehicles using the highway. As plaintiff approached the railway, at the time of the accident, he slowed down his car for the purpose of enabling him to see with certainty whether a trolley was approaching, and, seeing none, then started to cross the tracks, at a rate of speed estimated to be five miles an hour. His view, in the direction from which the trolley car actually came, was obstructed by a dwelling house, a garage, a grape arbor, trees, and the trolley poles which supported the wires of the defendant company; but, nevertheless, at the usual point, from which he looked, he could see along the tracks a distance of approximately 1,200 feet. The approach was up an incline, but, had it and the space between the tracks been kept in proper condition, he would have been able to cross in safety. Defendant, however, had allowed both to remain in a state of disrepair, though expressly notified of the fact thereof, so that the top of the first rail was from four to six inches above the public highway, and the space between the tracks was likwise below the top of the rails. The highway and the railway cross at an angle of perhaps forty-five degrees, and hence, when plaintiff's automobile reached the tracks, one and then the other of the front wheels bumped over the first rail, dropped one after the other into the hollow between the rails, and in turn the front wheels jumped the same kind of an obstruction when crossing the other rail. As a consequence of these repeated bumps the engine stalled, as the evidence shows it was likely to do under such circumstances, and the automobile either wholly or almost entirely stopped before its rear wheels crossed the last rail; in this position, it was struck by defendant's trolley, which was then traveling at the rate of from 45 to 50 miles an hour. The motorman testified that, while still some distance away, he saw the automobile on the track, apparently about to leave it, and slowed down to give

it an opportunity to get entirely over; but, not knowing the engine of the car was stalled, he only checked his speed, and hence struck it at the rear wheels, the trolley going some three hundred feet further before it was finally stopped. From the point where plaintiff looked, he had, as stated, a view of about 1,200 feet along the railway track; at the rate it was going, the trolley required but from 16 to 18 seconds to travel that distance, and at five miles an hour the automobile would have required only about one minute to cross the tracks. We cannot say as a matter of law, therefore, that plaintiff was bound to know he might not be able to get over in safety, or that defendant's motorman, who was acquainted with the crossing, would run his car at so high a rate of speed as to make the passage unusually dangerous; especially as the trolley was not in sight when plaintiff started over, and he would have crossed in safety if defendant had kept the intersection in proper condition.

Appellant relies on the rule frequently announced, and from which we do not intend to depart, that, where a plaintiff is struck just as he reaches a track, it is idle for him to say he stopped, looked and listened, when, if he had really done so, he must have seen the approaching train; but this can have no application where, as here, he was struck just as he was leaving the track, and would have gotten safely over, but for the negligence of defendant, which detained him there. Under such circumstances,—the burden of proof of contributory negligence being upon defendant,—we can hold only that the matter was one for a jury, under proper instructions, and there being no available assignment which questions the manner of submission, there is nothing further for us to review.

Appellant also strongly urged that the evidence showed the plaintiff did not stop before crossing, but even if this be true, it would not bar a recovery, even in the case of interurban trolleys: Talley v. Chester Traction Co., 227 Pa. 393.

The judgment of the court below is affirmed.