## Spencer et ux. *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Sidewalks—Accumulation of ice—
Constructive notice—Contributory negligence—Evidence.*

1. It is not necessarily negligent for a pedestrian to attempt to pass over even a noticeable accumulation of ice on a pavement. That may depend on the size and shape of the accumulation, the obviousness and magnitude of the danger, the means at hand of avoiding it, and other circumstances.

2. If a woman walking on a crowded and slushy pavement, steps to the side to avoid an oncoming throng and slips on an accumulation of snow and ice covered with slush, and falls and is injured, she is not guilty of contributory negligence as a matter of law, because she failed to see the ice, or because she did not cross to the other side of the street.

3. If, in such case, the evidence shows that the slushy condition of the pavement had continued for some time, and that the snow and ice accumulated from various storms had been allowed to remain for at least a month, there is sufficient evidence to fasten upon the city constructive notice of the condition of the pavement.

Argued January 8, 1923. Appeals, Nos. 32 and 33, Jan. T., 1923, by defendant, from judgments of C. P. No. 2, Phila. Co., March T., 1918, No. 964, on verdict for plaintiffs, in case of William Spencer and Meta Spencer, his wife, v. Philadelphia. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STERN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Meta Spencer for $3,250 and for Warren Spencer for $750. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Wm. M. Stewart, Jr.,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellant.—

Plaintiffs did not show any legal excuse for failing to see an obvious obstruction on the sidewalk.

There was a complete failure to prove notice of the alleged obstruction either actual or constructive: Beck v. Cricket Club, 228 Pa. 173; Wagner v. Traction Co., 212 Pa. 132; Phila. City Pass. Ry. v. Henrice, 92 Pa. 431.

Plaintiff failed to adopt the safer way to pass this pavement which she saw was covered with slush: Ingram v. Phila., 35 Pa. Superior Ct. 305; Rothacker v. Phila., 42 Pa. Superior Ct. 408; Evans v. Phila., 205 Pa. 193; Nolan v. Pittsburgh, 272 Pa. 217.

*Michael D. Hayes,* with him *Francis M. McAdams* and *William H. Wilson,* for appellee, cited: Holbert v. Phila., 221 Pa. 266; Hibberd v. Phila., 245 Pa. 265; Llewellyn v. Wilkes-Barre, 254 Pa. 196; Slife v. Dorranceton, 262 Pa. 182.

OPINION BY MR. JUSTICE FRAZER, January 29, 1923:

Plaintiff was injured by falling on an icy pavement in the City of Philadelphia. The case was submitted to the jury and, from a judgment on a verdict rendered in her favor, defendant appealed, contending she was negligent in failing to see the danger, or in attempting to pass over that portion of the sidewalk with knowledge of its condition, there being a safer way around, also that the evidence was insufficient to show either actual or constructive notice to the city.

On January 31, 1918, about 3:30 p. m., plaintiff was walking along Chestnut Street, one of the main shopping streets of the city, accompanied by a friend. The sidewalk was crowded and while endeavoring to avoid persons "rushing" or "pushing through the crowd" in the opposite direction, she stepped to one side and slipped and fell on an accumulation of ice estimated to be from two inches in height at the edge to four inches in the center and two feet square, in form "like a dish pan turned upside down." The sidewalk of the street had

been cleared of snow and ice except in front of the vacant premises where plaintiff fell. At this place the pavement was covered with slush, preventing her from observing the mound of ice which caused her fall; there is also evidence that the slushy condition had continued for some time and that the snow and ice accumulated from various storms had been allowed to remain for at least a month, or perhaps the greater part of the winter.

Under the foregoing state of facts we cannot hold plaintiff negligent, as a matter of law, either on the ground that she failed to see the ice which caused her to fall, or because she voluntarily undertook to pass over a dangerous place when she might have passed on the opposite side of the street. According to her testimony, she was proceeding carefully and noticed the pavement had a "general slushy appearance." This, together with the crowded condition of the sidewalk, might easily have prevented a person from seeing the block of ice, notwithstanding the use of reasonable care: Green v. Hollidaysburg Boro., 236 Pa. 430; Llewellyn v. Wilkes-Barre, 254 Pa. 196, 200. Neither was the fact that plaintiff saw the slushy condition of the sidewalk before attempting to pass over it sufficient to convict her of contributory negligence. That the danger was not so noticeable as to prevent or warn an ordinarily prudent person from using the sidewalk is apparent from the fact that it was at the time being continuously used by a large number of people with safety. "It is not necessarily negligence to attempt to pass over even a 'noticeable accumulation' of ice on the pavement. That may depend on the size and shape of the accumulation, the obviousness and magnitude of the danger, the means at hand of avoiding it, and other circumstances": Brown v. White, 206 Pa. 106; Steck v. Allegheny City, 213 Pa. 573, 577; Holbert v. Phila., 221 Pa. 266, 274.

On the question of notice to the city, the fact that the pavement in front of the premises where plaintiff fell was covered with slush and ice, which condition had existed

and the snow and ice from storms allowed to accumulate for at least a month before the accident, was ample evidence to fasten upon the city constructive notice of the unsafe condition.   There are numerous cases in which a shorter period has been held sufficient notice: Gross v. City of Pittsburgh, 243 Pa. 525; Llewellyn v. Wilkes-Barre, supra; Duvall v. New Castle, 74 Pa. Superior Ct. 573.

The judgment is affirmed.