# Kasson *v.* Rocky Glen Water Company et al., Appellants.

*Equity—Bill for cancellation of release of mortgage—Evidence— Sufficiency—Record of other case—Admissibility.*

On a bill for cancellation of a release of a mortgage alleged to have been obtained by defendant, a decree cancelling the instrument will be affirmed, where there was sufficient evidence and corroborating circumstances to sustain the finding that fraud had been practiced in the securing of the release.

While the measure of evidence to set aside the instrument on the ground of fraud is that it must be clear, precise and indubitable, this means that the witnesses are credible, that they distinctly remember the facts to which they testify, that they narrate the facts exactly, and that the statements are true.

When the court is satisfied of the truth of the matter asserted in the bill and denied in the answer, it need not be proved by more than one witness, if that witness's testimony measures up to the standard required in such a case. One witness and corroborating circumstance is sufficient.

The rule that great latitude should be given in investigating questions of fraud is elemental. It was proper to admit testimony in another case involving the same defendants for the purpose of showing that the testimony of one of defendants was in conflict with her evidence given at the trial.

Argued March 7, 1923. Appeal, No. 17, March T., 1923, by defendants, from decree of C. P. Lackawanna Co., Oct. T., 1913, No. 10, sitting in equity in the case of Myron Kasson v. The Rocky Glen Water Company, Arthur Frothingham, Annette Reynolds and Randolph Frothingham. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for cancellation of release of mortgage alleged to have been obtained by fraud. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, 8th day of May, 1922, this case came on to be heard at this term and was agreed by counsel, and thereupon it is ordered, adjudged and decreed that the release of mortgage made by Myron Kasson to the Rocky Glen Water Company, dated August 14, 1908, and recorded January 21, 1909, in Lackawanna County in Mortgage Book No. 169, Page 8, be and the same is hereby declared null and void, and defendants are ordered to surrender the same into the hands of the court for cancellation within ten days from this date without prejudice however to the rights of those who may have succeeded in the title to those five lots specifically mentioned therein; and further that the Recorder of Deeds be and is hereby directed to mark said release of mortgage cancelled upon the record thereof in his office. And it is further ordered that the defendants, the Rocky Glen Water Company, Arthur Frothingham and Annette Rey-

nolds, and each of them, pay to Myron Kasson, the plaintiff, his proper costs to be taxed in this matter.

Defendants appealed.

*Errors assigned* among others, were various findings of fact and conclusions of law, and the decree of the court.

*Will Leach,* and with him *M. L. Barrett, Jr.,* for appellants.—No damage was alleged in the bill and none proved at the trial. Bispham on Equity, 8th Ed. p. 335, Sec. 217; Clark v. White, 12 Pet. 178; Abbey v. Dewey, 25 Pa. 413; Marr's App., 78 Pa. 69; Stetler's Est., 39 Pa. Superior Ct. 91; Phillippi v. Phillepe, 113 U. S. 151, 29 U. S. (L. Ed.) 336; Williams v. Hagood, 98 U. S. 72, 25 U. S. (L. Ed.) 51; Story's Equity Jurisprudence (14th Ed.) Vol. II, p. 316, Sec. 936; Pomeroy's Equity Jurisprudence (3rd Ed.) Vol. II, p. 1,603, Sec. 898.

To set aside the instrument on the ground of fraud, the evidence thereof must be clear, precise and indubitable, and must refer to what occurred at the execution of the instrument: Hicks v. Harbison-Walker Co. 212 Pa. 437; Cummins v. Hurlbutt, 92 Pa. 165; Bierer's App., 92 Pa. 265; Campbell v. Patterson, 95 Pa. 447; Richard's App., 100 Pa. 52.

*C. B. Price,* of *S. B., C. B.,* and *J. H. Price,* for appellee.

OPINION BY GAWTHROP, J., April 16, 1923:

This is a suit in equity for the cancellation of a release of mortgage. The bill alleges that the Rocky Glen Water Company, a corporation, became the owner of certain land in the Borough of Moosic, Lackawanna County in the year 1901; that Arthur Frothingham is president of the corporation, Annette Reynolds is secretary, and Randolph Frothingham, the other defendant,

is the grantee of a part of said land, and Arthur Frothingham and Annette Reynolds claim to be interested therein; that the plaintiff, by assignment, became the owner of a mortgage upon all of said land; that, in the summer of 1908, Arthur Frothingham and Annette Reynolds requested the plaintiff to release five lots on the plot of the Rocky Glen covered by his mortgage and also a small lot upon which they could erect an ice house; that the plaintiff agreed to execute such a release and on August 14, 1908, Arthur Frothingham and Annette Reynolds, with their counsel, brought to him a paper purporting to release less than three acres of the land from the mortgage; that the description of the land in the release covered about sixteen acres; that the plaintiff did not intend to release the sixteen acres described and was not sufficiently acquainted with the lands to know that the description contained more than the three acres which he had agreed to release; that, relying upon the representations of Arthur Frothingham and Annette Reynolds, that the description covered only the three acres, the plaintiff executed and delivered the release; that there was no consideration therefor; that the release was obtained fraudulently with intent to injure the plaintiff and lessen the value of the mortgage held by him by including in the description a large portion of the land covered by the mortgage, but which was so described that this could not be discovered without plotting of the land.

The answers of the defendants denied that the plaintiff did not know what land he was releasing, averred that the boundaries of the land released had been pointed out to him on the ground, that he received ample consideration for the execution of the release, and that there was no fraud or deception practiced upon him. It is averred also that the plaintiff had sold the mortgage and has no interest therein. The learned chancellor found for the plaintiff and entered a decree declaring the release of mortgage null and void, without prejudice to the rights

of those who may have succeeded in the title to the five lots mentioned therein. The defendants have appealed.

The statement of the questions involved, which limits the matters to be considered by this court (Garvey v. Thompson, 268 Pa. 353) proposes only two questions: (1) "Where plaintiff does not aver loss in his bill, nor prove it by his testimony, can he obtain cancellation of release of mortgage signed by him without reading, on his uncorroborated testimony that fraud was practiced on him to obtain his signature?" The defendants' claim that the plaintiff did not aver or prove loss cannot be sustained. The averment in the bill that the plaintiff had lost the right to resort to a large portion of the land which secured the payment of his mortgage is sufficient. While there was evidence that the plaintiff had made a formal assignment of the mortgage to one Williams, the assignment passed the legal title only. It was without consideration and made to enable Williams to collect the mortgage for the plaintiff. The evidence fully sustains the finding of fact by the chancellor that the plaintiff has an interest in the mortgage and standing to maintain the suit. Nor is there any more merit in the contention that the plaintiff's testimony as to the fraud is uncorroborated and for that reason insufficient to procure a cancellation or rescission of the release. While the measure of evidence to set aside an instrument on the ground of fraud is that it must be clear, precise and indubitable (Cummins v. Hurlbutt, 92 Pa. 165), this means that "it shall be found that the witnesses are credible, that they distinctly remember the facts to which they testify, that they narrate the details exactly, and that their statements are true": Thomas & Sons v. Loose, 114 Pa. 35. When the court is satisfied of the truth of the matter asserted in the bill and denied in the answer, it need not be proved by more than one witness, if that witness's testimony measures up to the standard required in such a case. One witness and corroborating circumstances is sufficient: Ressler, Admr., v. Witmer, 1 Pearson 174.

After reading all the testimony, we are satisfied that the plaintiff's evidence and the corroborating circumstances in the case are sufficient to sustain the finding that the release was procured by fraud practiced upon the plaintiff by the defendants.  In the description of the land released, but two distances are given, one of these being incorrect.  The omissions were not satisfactorily explained.  The discrepancy as to the quantity of land intended to be released was explained by Annette Reynolds and Arthur Frothingham.  Their stories are contradictory.  This and their subsequent conduct in attempting to dispose of the land described in the release tends strongly to corroborate the plaintiff's testimony that the release was procured by fraud practiced by the defendants.

(2) Appellants claim that there was error in admitting in evidence the record in the case of Williams v. The Rocky Glen Water Company et al., because no connection between the cases is averred in the bill, and no evidence of such connection was offered at the trial.  We cannot sustain this contention.  The chancellor limited the admission to the testimony of Annette Reynolds and the pleadings and final decree.  Annette Reynolds' testimony was clearly admissible, because it was in conflict with her testimony in the case at bar.  The Williams suit was for cancellation of the release in question here and another release affecting part of the land covered by the mortgage here involved.  The defendants here were defendants in that suit.  We cannot say that the cases did not bear such a relation to each other that the pleadings and decree, to which the admission was limited, were irrelevant.  That case was also tried before Judge Newcomb.  "The rule that great latitude should be given in investigating questions of fraud is elementary": B. & O. R. R. Co. v. Hoge, 34 Pa. 214; Commonwealth v. Hyde, 39 Pa. Superior Ct. 216.  No possible prejudice could have resulted to the defendants from the admission of the evidence.

All assignments comprehended by the statement of questions involved are overruled; the others are dismissed.

The decree is affirmed, and the appeal is dismissed at the cost of appellants.