## McDonald *v.* Pittsburgh, Appellant.

*Trial—Binding instructions—Evidence—When facts and inferences from facts must be accepted as true—Practice, C. P.*

1. In determining whether or not binding instructions should have been given for one of the parties to a suit, all the facts and

inferences therefrom, favorable to the other party, must be accepted as true, if depending on testimony only, and must be excluded from consideration if unfavorable.

*Negligence—Municipalities — Pedestrians — Place of danger in street—Presumption—Contributory negligence.*

2. While every person must exercise due care, when using the streets of a municipality, he is not bound to presume that other pedestrians will push him into a known place of danger.

3. One who is injured, through no fault of his own, while endeavoring to locate and avoid a known danger, cannot be held guilty of contributory negligence, as matter of law.

Argued October 8, 1923. Appeal, No. 13, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., July T., 1919, No. 1803, on verdict for plaintiff, in case of Elizabeth McDonald v. City of Pittsburgh. Before FRA-ZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,000; judgment for $3,000, all above that amount having been remitted. Defendant appealed.

*Error assigned* was refusal of judgment for defendant, n. o. v. quoting record.

*John E. Laughlin,* Assistant City Solicitor, with him *Richard W. Martin,* City Solicitor, for appellant, cited: Nolan v. Pittsburgh, 272 Pa. 217; Montgomery v. Phila., 270 Pa. 346; Gryning v. Phila., 269 Pa. 277; Brown v. Phila., 267 Pa. 183; Hentz v. Somerset Boro., 2 Pa. Superior Ct. 225; Kennedy v. Phila., 220 Pa. 273; Boyle v. Boro., 187 Pa. 1; Hill v. Tionesta Twp., 146 Pa. 11; Johnston v. Wheatland Boro., 69 Pa. Superior Ct. 172; Erie City v. Magill, 101 Pa. 616.

*Thomas M. Marshall, Jr.,* with him *David L. Starr* and *Thomas M. Marshall,* for appellee, cited: Steck v. Alle-

gheny, 213 Pa. 573; Turner v. Towanda Boro., 245 Pa. 15; Slife v. Dorranceton Boro., 262 Pa. 182; Green v. Hollidaysburg, 236 Pa. 430; Brodsky v. Phila., 66 Pa. Superior Ct. 467; Calligan v. Monongahela City, 272 Pa. 28; Mintzer v. Hogg, 192 Pa. 137; Altoona v. Lotz, 114 Pa. 238; Mussellman v. Hatfield Boro., 202 Pa. 489.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1924:

Plaintiff recovered a verdict and judgment against the City of Pittsburgh, for injuries sustained by her in falling over an iron hinge, which for more than twelve years had projected above the footway of one of the streets of the municipality. On this appeal, the rulings made at the trial are not challenged, nor is the jury's finding that the city was negligent, the only complaint being that the court below erred in refusing to decide, as a matter of law, that plaintiff was guilty of contributory negligence and hence could not recover. In considering this, we must give plaintiff the benefit of all the evidence and inferences therefrom favorable to her, and reject all others: Fuller v. Stewart Coal Co., 268 Pa. 328. When stated in accordance with this rule, the controlling facts are as follows:

On the day of the accident plaintiff was returning to her home, which fronted on the street where the projecting hinge was. She had known of it for a number of years, but on this occasion could not see it, because it was completely covered by snow, which had been falling at intervals during several days. As she approached the place where it was, and was carefully endeavoring to locate and avoid it, she was pushed upon it by a crowd of pedestrians, which so filled the street as to prevent her walking elsewhere than where she did. Solely because of the facts stated, she stumbled over the hinge and sustained the injuries of which she complains.

The city argues that as plaintiff knew of the location of the hinge, she was bound to keep away from it. This would be true if by the exercise of care it was possible

so to do; but it is not true where, as here, there was evidence from which the jury could properly find she could not avoid it, although she was exercising great care in order to do so. She could not get to her home in any other way than by using this street, and was not bound to suppose that while going there the crowd would push her upon the very obstruction she was trying to find and shun: Spencer v. Phila., 276 Pa. 310. We need only repeat what we said in overruling a similar contention in Turner v. Towanda Boro, 245 Pa. 15, 16: "She was not unnecessarily or heedlessly testing a known danger, but attempting to guard against one that she could not avoid."

The judgment of the court below is affirmed.