# Lenora Dunn and Charles W. Dunn, Her Husband, *v.* City of Scranton, Appellant.

*Negligence—Municipal corporation—Notice.*

In an action for damages for injuries sustained in a fall on a sidewalk, where the verdict of the jury establishes negligence on the part of a municipal corporation, and there was sufficient evidence of notice of the defect to the city, the verdict will be sustained.

Argued March 5, 1924. Appeals, Nos. 8 and 9, February T., 1924, by defendant, from judgment of C. P. Lackawanna Co., June T., 1919, No. 112, on verdict for plaintiffs, in the case of Lenora Dunn and Charles Dunn, her husband, v. City of Scranton. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before NEWCOMB, J.

Verdict for the plaintiff, Charles W. Dunn, in the sum of $700 and for the plaintiff, Lenora Dunn, in the sum of $1,300 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal to give binding instructions in favor of the defendant.

*Philip V. Mattes,* City Solicitor, and with him *T. L. Hoban,* Assistant City Solicitor, for appellant.

*Reese H. Harris,* and with him *John M. McCourt* and *Charles P. O'Malley,* of *Knapp, O'Malley, Hill & Harris,* for appellee.

330, (1924).]          Opinion of the Court.

PER CURIAM, July 2, 1924:

These appeals are from judgments in actions to recover for injuries to one of appellees by a fall on a sidewalk, which the verdict establishes was negligently maintained by the city. Appellant's brief states the single question for review, in three forms, which, in substance, is whether the record shows notice to the city of the defect. Pursuant to Rule 50, we confine our consideration of the record to that point, (Garvey v. Thompson, 268 Pa. 353, 355; Kasson v. Water Co., 81 Pa. Superior Ct. 11, 15); the supplemental statement of question involved, filed in the supplemental brief, is based on assumptions of fact not presented by the record; we therefore cannot consider it. As the refusal to give binding instructions is the basis of the assignments of error, we take the testimony most favorable to appellees: McDonald v. Pittsburgh, 278 Pa. 485. There was sufficient evidence of notice to the city.

Judgment affirmed.