## H. S. Texter and H. N. Texter, Partners Trading and Doing Business under the Firm Name and Style of H. S. Texter & Son, *v.* A. I. Wachs, Appellant.

*Contracts—Partners—Dissolution of partnership—Question of fact.*

In an action of assumpsit to recover on a building contract made between a partnership and an individual, where the defendant endeavored to establish dissolution of the plaintiff partnership and the question of such dissolution was left to the jury under proper instructions, a verdict in favor of the plaintiff partnership will not be disturbed.

*Practice—Refusal of binding instructions—Rule 50.*

Where the refusal to give binding instructions is assigned as error, the testimony most favorable to the appellee will be accepted by the appellate court.

Under Rule 50, consideration of the record will be confined to points raised by the statement of questions involved.

Argued April 23, 1924.   Appeal, No. 65, April T., 1924, by defendant, from judgment entered on verdict in the Court of Common Pleas of Lawrence Co., March T., 1911, No. 33, in the case of H. S. Texter and H. N. Texter, Partners Trading and Doing Business under the Firm Name and Style of H. S. Texter & Son, v. A. I. Wachs. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on a building contract.   Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant had contended in the trial of the cause that the plaintiff partnership had been dissolved and therefore the action could not be sustained. The court below submitted this question to the jury under proper instruction. Verdict for the plaintiff in the amount of $1,837.57 upon which judgment was entered. Defendant appealed.

*Error assigned* was the refusal to give binding instructions for the defendant.

*James A. Chambers,* and with him *Edwin K. Logan,* for appellant.

*S. L. McCracken,* for appellee.

PER CURIAM, July 2, 1924:

This is an action of assumpsit to recover on a contract for the erection of a building. The trial resulted in a verdict for plaintiffs. Appellant's brief states the single question for review as follows: "May a suit be maintained in the name of a partnership where, after the award of the contract, there has been in fact a dissolution of the partnership and the contract carried on by one of the partners on his own responsibility?" Pursuant to Rule 50, we confine our consideration of the record to that point: Garvey v. Thompson, 268 Pa. 353, 355; Kasson v. Water Co., 81 Pa. Superior Ct. 11, 15. The refusal to give binding instructions for defendant is the basis of the assignments of error. Therefore, we take the testimony most favorable to appellees: McDonald v. Pittsburgh, 278 Pa. 485.

There was evidence that on December 28, 1906, plaintiffs, father and son, signed a written contract with

defendant; that before the completion of the building, the son went to Panama and the work was completed under the supervision of the father, who testified that the partnership was not dissolved. The payments on the contract were made to H. S. Texter & Son after the son had gone to Panama the same as before his leaving. During the son's absence, his name was used in the firm's business and he assumed active duties as a partner upon his return. The question whether the partnership continued to exist after the son went to Panama was submitted to the jury under proper instructions, although that question was not raised by the affidavit of defense. We all agree that the evidence fully warrants a finding by the jury that the partnership was not dissolved.

Judgment affirmed.