# Wilson *v.* Pennsylvania & Mahoning Valley Railway Company.

*Negligence—Charge—Measure of damages—Request for instructions.*

In a negligence case, where the court briefly, but sufficiently charges on the question of damages, and no points on the subject are presented by counsel, the appellate court will not reverse the judgment because of inadequate instructions.

Where a plaintiff in an accident case shows his earnings as an insurance adjuster in this country, he may also show, if the time is not too remote, and the conditions different, what was his earning capacity in the same business before he came to this country.

*Negligence—Street railways—Transfer slip—Ejectment of passenger.*

In an action against a street railway company to recover damages for an alleged wrongful ejection of a passenger, where the defendant claims that the plaintiff was ejected because he refused to pay fare after the expiration of the time limit of a transfer slip which he held, the transfer slip is properly admissible in evidence as a material part of the plaintiff's case.

In such a case where the defendant has offered evidence of the expiration of the time limit, the plaintiff may in rebuttal show how he had occupied his time in order to establish his claim that the time limit had not expired.

Argued May 16, 1907.    Appeal, No. 181, April T., 1907, by defendant, from judgment of C. P. Lawrence Co., March Term, 1904, No. 30, on verdict for plaintiff in case of James D. F. Wilson v. Pennsylvania & Mahoning Valley Railway Company.    Before Rice, P. J., Henderson, Orlady, Head and Beaver, JJ.    Affirmed.

Trespass to recover damages for wrongful ejectment from a car.    Before Porter, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $500.    Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions sufficiently appearing in the opinion of the Superior Court.

*C. H. Akens*, with him *H. A. Wilkinson*, *John P. Lockhart* and *James A. Chambers*, for appellant.

*Robert K. Aiken*, with him *James J. Igoe*, for appellee.

OPINION BY BEAVER, J., October 7, 1907:

The evidence in this case was contradictory. The jury would have been warranted in finding, however, if they believed the testimony of the plaintiff and his corroborating witnesses, that he was forcibly and violently ejected from a moving car upon which he was a passenger. The verdict would seem to imply that such was their conclusion. If so, the damages awarded by the verdict were scarcely more than nominal. They would also have been warranted in finding, although as to this the plaintiff was perhaps not corroborated, that he was a passenger in the car upon which he was riding with a proper transfer ticket, in which event the conductor would have had no right to eject him. That he was ejected is not denied. That he had a transfer ticket is not denied. He alleges that this ticket, given to him by the conductor in another car, was used by him in the next car following it, and within the time limit prescribed in the transfer ticket itself. The defendant, however, alleged that the time limit had expired, and that he was, therefore, not entitled to use the transfer, and, in refusing to pay his fare which was demanded, he was rightfully ejected. If the jury believed the testimony of the plaintiff their verdict would have been justified, and the amount of it would not be excessive.

We are, of course, unable to determine definitely the ground upon which the verdict of the jury rests. In either event, however, there is nothing calling for our intervention in the case, unless there is error in the admission of incompetent, immaterial and irrelevant testimony, or the rejection of such as was competent, material and relevant, or unless the court erred in its charge to the jury or in the affirmation of some of the plaintiff's points or the denial, in whole or in part, of one or more of the defendant's points.

The specifications of error cover about twenty pages of the appellant's paper-book. We have examined them all with some care and have read the entire testimony more than once

with reference to them.   There was no request for binding instructions by the defendant.

The last specification of error relates to the failure of the court " to instruct the jury as to the measure of damages, (1) in case they found that the conductor refused to accept a transfer entitling the plaintiff to carriage ; or (2) in case they found that the conductor had violently ejected plaintiff from a car running at a high rate of speed." This assignment of error is not well founded.   The charge of the court is brief, but it is, in our opinion, adequate, clear and sufficient.   In reference to the measure of damages the court says : " What damage, if any, is the plaintiff entitled to recover?   In other words, how much money will compensate him for the injuries that he has sustained.   And, in doing this, gentlemen, we say to you that he would be, if you find negligence on the part of the defendant company, and also find that the plaintiff in no way contributed thereto, entitled to receive, and you would be justified in remunerating him, for any time he has lost, the earnings he has lost and for any money expended by him in receiving treatment for the injury he has sustained.   If you should find these injuries are permanent, what loss, if any, is he likely to sustain by reason of that ? " The defendant submitted twenty-two separate and independent points for charge. The case was ably tried.   It is rather remarkable that none of the points relate to the measure of damages, and that no objection was made at the time in regard to the charge of the court in reference thereto.   There is no complaint as to error in what the court did say.   It is only as to failure to say what, in the opinion of the defendant's counsel, was sufficient in regard to the measure of damages.   It is to be fairly inferred that the defendant intended to cover the entire case by its numerous points, and that, with the ability and ingenuity of the counsel who presented these numerous points for charge, any lack of clearness or fullness in regard to the question of damages would be discovered at the time, and, if so, the attention of the court should have been called to it and the request made for fuller instruction.

In reference to the defendant's points, fifteen were affirmed unconditionally.   Several others are affirmed as to the principle involved, leaving out the language employed by the defend-

ant, which would seem to indicate that the jury would have a right to return two separate verdicts—one in favor of the plaintiff and the other in favor of the defendant.  Those which were refused, or refused as stated, were evidently refused for the reason that they, in every case, end, " your verdict should be for the defendant on this feature of the case," or " your verdict should be against him on this branch of the case," or " your verdict should be for the defendant on that question." In some of these cases the points were affirmed, leaving off this particular objectionable ending, but in no case was any point, containing a vital principle stated in unobjectionable form, refused which ought to have been affirmed.

Nor do we discover any error in the affirmation of any of the points presented by the plaintiff.

The plaintiff was confessedly ill at the time of the accident, his testimony being that he was on his way to consult his physician.  The testimony of the plaintiff, as to what proportion of the money expended by him for medical attendance and advice was occasioned by the accident, is somewhat indefinite, and it was probably impossible to determine that with absolute certainty.  The question was raised, however, in the course of his testimony, and the court endeavored to confine it as far as possible to the amount that was actually expended by him in consequence of his alleged injuries.  The defendant had abundant opportunity, on cross-examination, to ascertain the limit of the expenditures for this purpose on the part of the plaintiff.

The defendant also complains that the plaintiff was allowed to show his earning capacity in Ireland, as an insurance adjuster, before coming to this country, but the time was not remote and the conditions, so far as the plaintiff's knowledge of his business and of his ability to conduct it were concerned, were practically the same.  We fail to see, therefore, under the circumstances, how there could have been any other mode of comparison, particularly in view of his testimony as to his actual earnings in the same business after he reached this country.

The offers, upon cross-examination, in regard to the employment and discharge of former counsel in this suit and of previous suits brought by the plaintiff against other corporations

for various alleged causes, were neither cross-examination nor were they relevant to the issue. We think they were properly rejected.

The transfer slip, by the possession of which the plaintiff claimed his right to be upon the car from which he was ejected, was a material part of his case, and was, we think, properly received as evidence.

The defendant, having shown by his witnesses that the plaintiff, having offered his transfer slip after seven o'clock instead of after six, as he claimed, we think the testimony in rebuttal that he returned to the house of his sister, where he had dined and from which he had gone to consult his physician, was entirely proper. It was not a part of the case in chief, and, if offered then, would have been objectionable, as anticipating the defense.

This is an ordinary negligence case. No new principles are involved, and the case is so fully covered by the general principles, as stated in the points presented by the plaintiff and defendant, and, for the most part, affirmed by the court, that further discussion would seem to be entirely unnecessary.

Finding no reversible error in regard to the admission or rejection of testimony, or the affirmance or refusal of the points presented by the plaintiff and the defendant, and regarding the charge as full and adequate, we can find no sufficient reason for interfering with the moderate verdict rendered by the jury.

Judgment affirmed.

HENDERSON, J.. dissents.