# Llewellyn *v.* Wilkes-Barre, Appellant.

*Negligence — Municipalities — Sidewalks—Ice — Constructive notice—Case for jury—Charge—Damages—Measure of damages— Remarks of counsel.*

1. In an action against a municipality brought by a pedestrian to recover damages for injuries sustained in consequence of a fall induced by accumulations of ice upon a sidewalk, the evidence of constructive notice of the dangerous condition of the sidewalk is sufficient to carry the case to the jury, where it appeared that the dangerous condition had existed four or five days immediately preceding the accident.

2. In such case the court was not in error in charging the jury that "where the condition of the street has existed long enough to give a presumption of notice to the authorities of the city that the condition exists, then the city has such notice as a matter of law because the streets are open and all people passing up and down the streets must see their condition; officials passing up and down the streets must see their condition; and policemen passing upon their beats must see their condition."

3. Where in such case there was evidence that the front of the property upon which the ice had accumulated was illuminated on the night of the accident, so that the obstruction could be seen, the trial judge did not err in refusing to affirm a point to the effect that if the jury believed the testimony of certain witnesses as to the illumination in front of the property on the night of the accident, and that the obstruction could be plainly seen, there could be no recovery. There being evidence that the ground was covered with a light snow, it was for the jury to determine whether or not plaintiff should have seen the dangers of the place.

4. Where in such case it appeared that plaintiff was an attorney-at-law in active practice, and estimated his earnings for the year preceding the accident from an examination of his bank book, check book, etc., which were offered in evidence, the court did not err in refusing to withdraw from the jury such evidence as to plaintiff's earning capacity, although no accurate books of account were kept, especially where plaintiff testified that his earnings exceeded the amount shown by his bank and check books and that during several months following the accident he was not able to devote the entire day to his professional duties, because of the pain and inconveniences resulting from his injury, and a verdict for plaintiff for $4,924.83 was not excessive, and was sustained.

5. Where in such case counsel for the plaintiff in his address to the jury said "unless this verdict is high it will be a judgment that Mr. Lenahan and I are fakes" and defendant's counsel moved for the withdrawal of a juror, and plaintiff's counsel immediately withdrew the remark and the trial judge told the jury that the remarks were improper and must be ignored, the refusal of the motion was not an abuse of judicial discretion.

Submitted April 10, 1916.   Appeal, No. 312, Jan. T., 1915, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1912, No. 778, on verdict for plaintiff, in case of George J. Llewellyn v. City of Wilkes-Barre.   Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,924.83 and judgment thereon.   Defendant appealed.

*Errors assigned* were instructions to the jury, rulings on evidence, the refusal of a continuance and answers to points.

*Charles F. McHugh,* submitted for appellant.

*John T. Lenahan, Charles B. Lenahan* and *Frank A. McGuigan,* submitted for appellee.

OPINION BY MR. JUSTICE FRAZER, May 23, 1916:

Plaintiff sued to recover damages for personal injuries received by a fall on a sidewalk of one of the principal residential streets in defendant city upon which there was a ridge of ice he was prevented from seeing by reason of a light fall of snow a short time before the accident.   There was a verdict for plaintiff, from which defendant appealed.

The fifth assignment of error raises the question

whether or not the charge of the court as to constructive notice to defendant, of the defective condition of the pavement, was erroneous, and also if there was sufficient evidence of constructive notice to warrant submission of the case to the jury. That there was a ridge of ice on the sidewalk at the time of plaintiff's fall, which ran longitudinally about half way between the curb and the house line, variously estimated to be from five to eighteen inches wide, and several inches thick, is not denied. Plaintiff's witnesses testified the accumulation of ice had been there for four or five days immediately preceding the accident, while defendant's witnesses not only failed to contradict this testimony but expressly confirmed it, the police officer, called by defendant, who patrolled the street admitting the ice might have been there for a longer time than a week.

The portion of the charge excepted to, with respect to constructive notice, was as follows: "Where the condition of the street has existed long enough to give a presumption of notice by (to) the authorities of the city that the condition exists, then the city has such notice as a matter of law because the streets are open and all people passing up and down the streets must see their condition, officials passing up and down the streets must see their condition, and policemen passing upon their beats must see their condition." Defendant contends this language was a positive direction to the jury that city officials passing along the streets were bound to know the condition of the sidewalk. This is precisely the measure of their duty if the defect has existed for such length of time that with proper care and inspection they should have known the dangerous condition. In other parts of the charge constructive notice was further explained by the court, and the jury's attention called to the fact that in a thickly populated section of the city less time would be required to create a constructive notice than in sparsely settled districts. After referring to the testimony of witnesses as to the length of time the obstruc-

tion existed the court also charged that the jury should, from the evidence, decide whether the ridge of ice had remained on the sidewalk for a sufficient time, and was of such character as to give notice to the city of its existence, and time for its removal. The particular part of the charge objected to was as favorable to defendant as could be asked. In fact, it seems more favorable to the municipality than was the charge of the court in Rosevere v. Borough of Osceola Mills, 169 Pa. 555, where the trial judge, in answer to a point, charged that it was "not a question whether all passersby actually noticed the defect, but whether it was noticeable." This court in approving the action of the lower court in that case said (page 563) : "The rule as to the defect being of such a character as to be of itself notice to the authorities, does not require that every passerby did actually notice it, but that they might have noticed it if they had consciously seen it. That is what would be indicated by the word 'noticeable,' capable or susceptible of being noticed. Several persons had testified positively to the fact of having seen the hole for some time before the accident. A number of others had testified that, having good opportunities of observation, they did not see it. All of which might be perfectly true and yet the hole might have been there. Now if the hole was of such a character as to be noticeable to those who looked, it is all the law requires and that is all the court said." To sustain this assignment defendant relies upon Burns v. Bradford City, 137 Pa. 361. In that case there was practically no evidence tending to show the condition of the sidewalk previous to the accident and the testimony of plaintiff as to its condition at the time of the accident was not sustained by other evidence. According to plaintiff's description its condition was such that no person could pass over it without discovering the defect, and yet it appeared plaintiff in fact passed over the walk a short time before the accident without noticing its unsafe condition. There was but one witness who described the

sidewalk as dangerous at any time previous to the accident, and this witness merely testified that two or three weeks before that time she fell while walking on the sidewalk on the same street, at a place which was in the condition the walk was in at the time of the accident to plaintiff, as described by her. The witness, however, could not otherwise identify the location and had not seen it since. This testimony was held insufficient to charge the city with notice. The recent case of Gross v. Pittsburgh, 243 Pa. 525, is applicable to the one at bar. There, as in the present case, there were ridges of ice extending across the pavement which were covered by a light fall of snow. There was also evidence that, as a result of water discharged from a broken waterspout on the building in front of which plaintiff fell, ice had accumulated on the pavement at different times throughout the winter. Several witnesses testified to the existence, from time to time, of this condition, one of them having observed the ridge of ice the day preceding the accident. In that case this court held it was for the jury to determine whether the evidence was sufficient to charge the municipality with constructive notice. In the present case the facts are almost identical with those in the case just referred to; consequently, following the decision in that case, the question of constructive notice here was for the jury, and there was no error in the manner of its submission.

Exception is also taken to the refusal of the court to affirm the point that if the jury believed the testimony of certain witnesses as "to the illumination in front of the property on the night of the accident, that the obstruction could be plainly seen, there could be no recovery." Affirmation of this request would, in effect, take from the jury the question of plaintiff's contributory negligence, and hold him negligent as matter of law if certain witnesses were believed, without regard to the particular circumstances of the case. Plaintiff testified the ground was covered with a light snow, and whether,

under the circumstances, he should have seen the dangerous spot, was for the jury to determine under all the evidence.  The court was, therefore, right in refusing the point.

The first and second assignments of error relate to the sufficiency of the evidence bearing on the loss of earning power.  Plaintiff, an attorney-at-law in active practice, stated his earnings during the three years preceding the accident were between three and four thousand dollars a year.  While no accurate book account of his earnings was kept, he testified to having examined his bank books, check books, etc., and in that manner computed his approximate annual earnings and that, from the examination so made, he estimated his earnings for the year preceding the accident to be $4,400.  The various bank books and check books were offered in evidence in connection with his explanation of the entries.  It must be admitted this method of computation is not to be commended for accuracy, yet it seems the error, if any, was in favor of defendant, in view of plaintiff's further testimony to the effect that his bank books would not show his entire receipts derived for professional services.  Defendant contends this testimony was inadmissible because of being a mere approximation of plaintiff's earnings, and also insufficient to show the amount of past earnings, and the depreciation therein due to the accident.  While the testimony as to earnings is less definite than might be desired, it cannot be said as matter of law that it was insufficient to warrant submission of the question to the jury.  Nor can it be said the amount awarded is excessive in view of the fact that plaintiff was absent from his office during the four months following the accident, and upon resuming his practice was unable, until perhaps in the year 1914, to devote the entire day to his professional duties because of pain and inconveniences resulting from his injury.

The third assignment complains of the refusal of the court to withdraw a juror owing to an improper remark

of plaintiff's counsel, who in his address to the jury said: "Unless this verdict is high it will be a judgment that Mr. Lenahan and I are fakes." Defendant's counsel, at the conclusion of the address, asked that a juror be withdrawn and the case continued because of this language. Plaintiff's counsel immediately withdrew the remark, and the trial judge refused the request for a continuance, but told the jury the words referred to were improper, and in reaching a verdict must be ignored. The court below in its opinion on the motion for a new trial says the utterance complained of was provoked by defendant's attorney criticising the good faith of both plaintiff and his attorney in bringing the action. While the excuse offered was not a justification for the language used, in view of the prompt action of counsel in withdrawing the remark, and of the trial judge in directing the jury to disregard the improper language, we cannot say the refusal to withdraw a juror was an abuse of discretion. The situation created was similar to that in Cook v. Erie Electric Motor Co., 225 Pa. 91, where this court in passing upon improper remarks made by counsel during his argument said: "It has been frequently held in this class of cases no irregularity should be permitted which tends to inflame the prejudices of the jury against the defendant, and in a flagrant case this court will reverse for such error. But so much depends on the immediate circumstances and what may be called the atmosphere of the trial that a large discretion must be allowed the trial judge. In the present case the action of the judge in cautioning the jury was so prompt and the withdrawal of the improper remarks by counsel was so frank and unreserved that we cannot say that the judge did not use a wise discretion in refusing to withdraw a juror."

The judgment is affirmed.