## Slife *v.* Borough of Dorranceton, Appellant.

*Negligence—Municipalities—Sidewalks — Accumulation of ice —Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries sustained by plaintiff, in consequence of a fall caused by ice, which had accumulated on a sidewalk, where plaintiff, in his direct examination, made out a case free from contributory negligence, the case was properly submitted to the jury, although plaintiff, on cross-examination, was confused and contradictory, leaving a doubt as to whether he really recognized the ridges of ice before he stepped upon them or afterwards, and a judgment on a verdict for plaintiff was sustained.

Argued May 28, 1918.   Appeal, No. 117, Jan. Term, 1917, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1914, No. 552, on verdict for plaintiff, in case of Anthony L. Slife v. Borough of Dorranceton.   Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of the court below sur defendant's motion for judgment n. o. v.:

The plaintiff while on his way to work, stepped and fell upon certain ice which had accumulated on the sidewalk, and he brought this action against the borough for the resulting damages of personal injury.

He asserted as the foundation of municipal liability,

that the ice lay in mounds and ridges, and the verdict of the jury in his favor has established that fact on sufficient evidence.

The defendant does not ask for a new trial, and makes no complaint in any respect, except our refusal to give binding instructions in its favor, on the single proposition of the contributory negligence.

We could not have done this, however, without a plain invasion of the jury's province.

The plaintiff's direct examination made out a case quite clear of negligence on his part. He was walking in an ordinary, reasonable manner. He had no previous knowledge of the condition. His ability to see the obstruction was materially affected by a covering of snow, and perhaps also by the partial light of an early hour on a winter morning. He could only have avoided the ice by going into the roadway, which might not have diminished the danger, or by turning back on a long detour, which would have been a rather harsh alternative for a laboring man on his way to work.

Defendant's contention is based entirely upon what it designates the "net result" of plaintiff's cross-examination, in which, indeed, he was confused and contradictory, leaving a doubt whether he really recognized the ridges before he stepped upon them or afterward.

We might concede a marked leaning towards the former, but only the jury could draw the conclusion, resolve the doubt, determine the net results, and say in the light of all the evidence whether this man was exercising the ordinary reasonable care obligatory upon a pedestrian.

The judges are all agreed that binding instructions on the question of contributory negligence were properly refused, and, therefore, in the absence of any other complaint, the motion for judgment non obstante veredicto, is denied, with exception granted to the defendant in this regard.

Verdict for plaintiff for $1,800 and judgment thereon. Defendant appealed.

Assignments of Error—Opinion of the Court. [262 Pa.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Evan C. Jones*, with him *B. W. Davis* and *H. A. Gordon*, for appellant.

*C. B. Lenahan*, *J. F. McCabe* and *E. A. Lynch*, for appellee.

PER CURIAM, July 17, 1918:

This judgment is affirmed on the opinion of the learned court below refusing defendant's motion for judgment non obstante veredicto.