## Schwartz, Appellant, *v.* Cramp

*Negligence—Automobiles—Personal injuries—Earning capacity—Loss of earning capacity—Evidence.*

In the trial of an action of trespass to recover damages for personal injuries, it is error to exclude evidence of the earning capacity of the injured during a period of eight weeks prior to the accident.

Past earnings are usually some proof of the earning ability of the plaintiff at the time of the accident. If the time is not too remote such evidence is admissible.

Argued October 5, 1925. Appeal No. 14, October T., 1925, by plaintiff from judgment of Municipal Court of Philadelphia County, September T., 1923, No. 644, in the case of Samuel Schwartz by his father, Abraham Schwartz v. Joseph C. Cramp. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Reversed.

Trespass to recover damages for personal injuries.

The opinion of the Superior Court states the case. Before Bonniwell, J.

Verdict for plaintiff in favor of Samuel Schwartz for $100.00 and in favor of Abraham Schwartz for $75.00. Plaintiff, Samuel Schwartz, appealed.

*Error assigned* was in excluding testimony as to the earning capacity of Samuel Schwartz.

*Harvey Gourley,* for appellant.

*Herman Muller,* for appellee.

Opinion by Trexler, J., November 20, 1925:

This was an action of trespass brought by Samuel Schwartz, a minor, by his father, Abraham Schwartz, to recover damages for personal injuries. At the time when the injury occurred the plaintiff had no gainful employment, but eight weeks before had been working in Kansas City, earning Forty-five Dollars per week. He sought to show what he had been earning, but the trial judge struck out all testimony relating thereto. We think this was error.

Past earnings are usually some proof of the earning ability of the plaintiff at the time of accident. This has been recognized very generally. If the time is not too remote such proof is admissible. Wilson v. Penna. & M. V. Rwy. Co., 34 Pa. Superior Court 504; Helmstetter v. Pittsburgh Rwys. Co., 243 Pa. 422. The first and second assignments are sustained.

The trial judge was right in excluding evidence of the project the plaintiff had for the establishment of a business in Philadelphia and the amount of capital he had invested. This was too indefinite and problematical to give any basis of the ascertainment of his damages resulting from the accident.

The assignments referring to the charge of the court are overruled, there having been no exceptions taken.

Although Abraham Schwartz, the father, was not a party to the suit except as "nearest friend," the jury in addition to the amount given to the plaintiff, found in the father's favor for a small amount. This was, of course, a mistake, but the defendant seems satisfied as he has not appealed, and we see no reason why this court should interfere. Moreover there is but one appeal, that of Samuel Schwartz. The judgment in favor of Abraham Schwartz is not before us.

The judgment is reversed with a new venire.