Gordon, Appellant, *v.* Yellow Cab Co. of Delaware.

Argued November 13, 1930.

Before Trex-ler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Isadore Schweidel* of *Cohen, Schweidel & Krekstein,* for appellant.

*Jos. Henderson* of *Rawle and Henderson,* for appellee.

OPINION BY TREXLER, P. J., February 27, 1931:

This was a suit in trespass arising out of an automobile collision. The facts in regard to the accident need not be referred to, for the questions involved in the appeal do not pertain to the accident, but to the amount of the verdict. The jury gave the plaintiff $2,000 and he, deeming it insufficient, appealed.

(1) The appellant alleges that there was error committed in the refusal to admit certain testimony. The bookkeeper of the corporation who employed the plaintiff, was called as a witness. The books were under her supervision and she made all the entries. She was asked to find the commission account of the plaintiff in the book and was asked where the entries in the commission book came from and she reported that they came from the sales book which contained duplicate bills sent to the customers. The sales book was not in court, but the witness testified that the book she produced was an exact copy of the duplicate sales book, "each bill is listed because these accounts balance with the sales for the month," but the original sales were entered in the other book. The sales would appear in the ledger, but that she would be compelled to go over every page and pick out the sales for a

certain month and that these entries in the ledger came from the same book that the entries came from in the commission book. There was an objection made and sustained. It seems that the objection to the use by the witness of the commission book was that it was not a book of original entry. We think the learned court fell into error. This was not an attempt to prove the sale and delivery of merchandise by books of original entry. The purpose of the inquiry was to show how much the plaintiff earned by reason of his connection with the corporation for which he was working. Certainly the person who stated the amount between him and the firm for which he worked and wrote out the checks which he received, was competent to use the book showing his commissions in order to refresh her memory. Such entries were not self-supporting, but to one having knowledge of the facts, certainly might serve as a memorandum.

(2) The learned trial judge charged the jury as follows: ''There was testimony to prove that he [the plaintiff] would have earned; if he had been as successful in 1928 as he was in 1927, during the months he was laid up by his injury, $2,800. But business might not have been so good, customers might have been stocked up or there might have been greater competition with which he could be compelled to contend. He might have suffered from ill health, and other circumstances might have prevented him going on the road. The testimony furnished nothing more than the basis of a guess as to what he might have earned, if he had not been the victim of this injury.''

Further on, the court remarked, ''I do not regard the evidence as warranting any award for loss of earnings. An award for 1928 based upon the earnings of 1927 would be nothing more than a guess.'' We think the court erred in these instructions. Past earnings are very often the only proof of the earning

capacity of an injured plaintiff: Schwartz v. Cramp, 86 Pa. Superior Ct. 475; Wilson v. Penna. & Mahoning Valley Rwy. Co., 34 Pa. Superior Ct. 504. In Llewellyn v. Wilkes-Barre, 254 Pa. 196, the plaintiff and attorney was allowed to give an estimate of his approximate earnings for the year preceding the accident.

In De Haas v. Penna. R. R. Co., 261 Pa. 499, the court permitted the plaintiff who had completed a college course in forestry to show what was the minimum salary of a forester, even though he had not entered into that occupation.

There was proof that the plaintiff's employers did less business in the year the plaintiff was for some months unable to work, but whether that was caused by plaintiff's absence or not does not appear. Moreover, the criterion is not what the plaintiff would have earned in the particular job he had, but what his loss was by reason of his being entirely deprived of the capacity to earn. Certainly, where a man is employed by a firm and the firm afterwards goes out of business, his capacity to earn does not cease because his employer no longer can continue him in his job. The standard of compensation is not "loss of wages," but deprivation or diminution of earning capacity. See McCaffrey v. Schwartz, 285 Pa. 561.

The judgment is reversed with a new venire.