## Coyle, Appellant, *v.* New Kensington.

Argued September 26, 1939.   Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Jas. L. Kennedy,* with him *A. F. Burkhardt,* for appellant.

*Victor B. Bouton,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 27, 1939:
This is an appeal from a decree refusing to take off a compulsory nonsuit, in an action of trespass brought by plaintiff, Julia Coyle, aged fifty, against defendant, the City of New Kensington, to recover damages for

personal injuries sustained when she fell on a sidewalk of that city. The negligence alleged was the defendant's "allowing great masses of snow to accumulate on the sidewalk, and in allowing irregular ridges of ice to form on the sidewalk, and in failing to remove quantities of snow and ice from the sidewalk within a reasonable time after they had accumulated and formed there."

Plaintiff testified that at about 11:30 p. m. on February 25, 1934, as she was returning to her home from work as a telegraph operator, she slipped and fell on the sidewalk in front of a vacant lot on Kenneth Avenue, about 200 feet from her home, in the City of New Kensington; that the slush, which had covered the sidewalk in the afternoon when she went to work, had frozen and was covered with snow; that she was proceeding upgrade in front of this vacant lot when she "slid into a ridge of ice, stumbled and fell backwards" and sustained numerous injuries, including a broken arm.

The case came to trial and after plaintiff rested, a motion for a compulsory nonsuit was made for the following reasons:

"1. The uncontradicted evidence shows that the defective condition of the sidewalk at the point complained of, consisted of a rough and uneven surface, caused by footprints in the soft snow or slush, which became frozen and icy in the late afternoon or evening.

"2. The existence of such a condition is not such an observable defect as would bind the city with constructive notice.

"3. The existence of such a condition is not such as would make the city negligent."

The nonsuit was granted and, upon the court's refusal to take it off, this appeal followed.

Plaintiff's own testimony was that when she went to work on the afternoon in question, the sidewalk was "slushy and wet." She was asked: "From the time you went to work until the time you returned it froze

and became icy, is that correct?" She answered: "It froze and got cold toward evening and snowed." In regard to the uneven condition of the snow, she was asked whether or not that was caused by footprints in the soft snow which later froze over, and she answered: "I suppose." She was then asked: "This condition persisted generally throughout the entire distance from your home to the place of your business?" She answered: "Yes, it did."

Another witness for the plaintiff testified that the snow had melted during the day and began to freeze in the evening. She said that it was snowing and this "left a coating of ice underneath and snow on the top."

The condition described by the plaintiff and the witness is not an unusual one in this latitude. In the winter time it frequently happens that during the day the thawing will cause a slushy condition of the sidewalks and when the coldness of evening comes, freezing sets in and then after snow falls, as happened here, the traveling becomes precarious for pedestrians. However, it would be an unreasonable burden to cast upon any municipality the duty of removing such a condition as soon as it takes place or within a few hours thereafter.

This case is ruled by the decision of this court in *Bailey v. Oil City*, 305 Pa. 325, 157 A. 486. We there said: "A municipality is, in general, not liable for accidents resulting from the icy condition of its streets and walks." We there quoted from *McLaughlin v. City of Corry*, 77 Pa. 109, 113, as follows: "A municipality cannot prevent the general slipperiness of its streets, caused by the snow and ice during the winter, but it can prevent such accumulations thereof, in the shape of ridges and hills, as render their passage dangerous." In *Hendrickson v. Chester City*, 221 Pa. 120, 70 A. 552, we said: "A city is not liable for personal injuries sustained by a fall on a sidewalk, where it appears that the accident was due to the general slippery condition

of the street which occurs in all cities in winter time."
After quoting this latter case in the Bailey case, we
added: "This is so because of the practicable impossi-
bility of keeping cartways and sidewalks free from ice
in this climate during the winter season. Rains fol-
lowed by freezing often cover an entire city with ice
in a few hours, as does the melting of snow during the
day and freezing at night. It would therefore place
an unreasonable and practically impossible burden up-
on a city to require the maintaining of its streets free
from ice; this the law does not require."

Appellant cites the case of *Lumley v. Grove City Bor-
ough,* 326 Pa. 61, 191 A. 126. However, it appears from
the report of that case that the negligence of the defend-
ant was not questioned because the icy condition com-
plained of resulted from water flowing from a spout
which drained the roof over a stairway leading to the
second floor of a certain building, and that the only
question raised in the record was whether or not plain-
tiff was guilty of contributory negligence in traversing
that part of the sidewalk covered with ice. We held
that under the facts of that case, that question was for
the jury.

Likewise, in *Slife v. Borough of Dorranceton,* 262
Pa. 182, 105 A. 39, cited by appellant, the only ques-
tion before this court was one of contributory negli-
gence of the plaintiff. In *Llewellyn v. Wilkes-Barre,*
254 Pa. 196, 98 A. 886, cited by appellant, the evidence
showed that the accumulation of ice had been on the
sidewalk for four or five days immediately preceding
the accident.

This case is well summed up in the opinion of the
court below, as follows: "The ice on which the plain-
tiff slipped and fell had been slush that afternoon when
she went to work and the ridges of which complaint
is made were made by footprints, possibly some of the
plaintiff's own, which had formed when the slush froze
that same evening, and were covered by snow which

had fallen after the plaintiff left home and was still continuing to fall when she returned home. We know of no authorities which hold that a municipality or a property holder must keep the sidewalk free and clear of ice and snow at all times or answer in damages to any pedestrian who might fall thereon."

The judgment of the court below is affirmed.