## Holstein et al. *v.* Kroger Grocery & Baking Company, Appellant, et al.

Argued September 28, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Daniel H. McConnell,* for appellant.

*A. Leonard Balter,* with him *Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole, Louis D. Cooper* and *Herbert Jacobson,* for appellees.

OPINION BY MR. JUSTICE DREW, November 22, 1943:

Plaintiffs, Harry O. Holstein and Blanche E. Holstein, his wife, instituted these actions in trespass, in their own right and the former as guardian of their minor daughter, Harriet Holstein, against defendants, Kroger Grocery & Baking Company and Richard F. Ehrler, to recover compensation for personal injuries and property damage sustained in a motor vehicle collision. The jury returned verdicts against both defendants. The learned court below refused defendants' motions for judgment n. o. v. and for a new trial, and from the judgments entered on the verdicts, the Kroger company alone appealed.

Reading the record in the light most favorable to plaintiffs, as we are bound to do under these circumstances, we find the facts to be as follows: At about 11:00 o'clock on the clear night of September 21, 1940, Harry O. Holstein, one of plaintiffs, was driving his sedan automobile, in which his wife and minor daughter, together with a Mrs. Felo and her three minor children, were passengers, eastwardly on Route 22, about 15 miles west of Pittsburgh. At this point, the road is a two-lane highway, the paved portion of which is approximately 22 feet in width. As Holstein's car rounded a curve and entered a straitaway of some 600 to 700 feet, he observed defendant company's large trailer truck and the coupe automobile of Ehrler, the other defendant, approaching from the east, about 250 to 300 feet away, running side by side. The truck was on its right side of the high-

way at the time, and the Ehrler car was being oper-ated abreast of the truck, across the centerline. Hol-stein, seeing the dangerous situation which confronted him, applied the brakes of his car, drove it to its ex-treme right side of the road and onto the berm, and brought it to a stop, with but 1½ feet of the car remain-ing on the paved section of the cartway. Ehrler sounded his horn and endeavored to pass the truck, but its opera-tor, instead of permitting him to pass, increased its speed. Defendants' vehicles continued racing side by side, and when they were about 75 feet from the Holstein car, the truck suddenly swerved to its left, and struck the Ehrler machine, causing it to crash into the front of the Holstein automobile.

The contention of the Kroger company is that the court below erred in refusing its motion for judgment n. o. v., for the reason that the jury, by its verdicts, found Ehrler to have been negligent in attempting to pass the truck under the circumstances, and, therefore, the Kroger company's negligence could not be under the law the proximate cause of the accident. In other words, it is argued that "Ehrler, in passing the Kroger truck, as indicated by the jury's verdicts, set in motion a chain of events which ended in a headon collision with the plaintiffs' automobile, and the negligence of the Kro-ger Company was not a contributing factor thereto, since it did not change, according to the jury's verdicts, the situation as it existed immediately before Kroger's truck struck the Ehrler car". In considering the point here raised, our decision in *Felo v. Kroger Groc. & Bak. Co.*, 347 Pa. 142, 31 A. 2d 552, has no bearing, for there, in similar suits brought by other passengers of the Holstein car for damages sustained in this same accident, the jury found against the Kroger company alone.

This argument of defendant company completely ignores the fact that in the situation with which we are here concerned the matter of concurrent negligence is

involved and not that of proximate cause. The jury found Ehrler was negligent in recklessly persisting in his effort to pass the Kroger company truck until a dangerous situation arose. This negligence in itself did not cause the collision with the Holstein car, for there was ample evidence from which the jury could conclude that there was sufficient space on the paved portion of the highway to permit the Ehrler car to pass the truck without striking the automobile of Holstein. The negligence of which the Kroger company was convicted was the act of the operator of its truck increasing its speed when Ehrler was attempting to pass and also in permitting the truck to swerve to the left. The failure of the truck driver to exercise due care in itself did not cause the collision which resulted in the damage to plaintiffs, for Ehrler could have avoided the accident by decreasing its speed and falling behind the truck when he saw the Holstein machine approaching. Clearly, what caused the collision with the latter vehicle was the combined negligence of both defendants, and for the immediate consequences of what they brought about, they were concurrently negligent, and jointly and severally liable: *O'Malley v. Phila. R. T. Co.*, 248 Pa. 292, 93 A. 1014. The facts here presented bring the case squarely within the principle, as enunciated in *Hughes v. Pittsburgh T. Co.*, 300 Pa. 55, 150 A. 153, that "where there would have been no injury whatever but for the continuing negligence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent and both defendants are jointly and severally liable for the injuries thereby occasioned".

It is also argued by the Kroger company that a new trial should have been granted because of error in and inadequacy of the court's instructions to the jury. We have most carefully studied the record and are convinced that the case was fairly and adequately presented to the jury in a charge free from substantial error.

We are satisfied it was proper for the court below to refuse the motions for judgment n. o. v. and for a new trial.

Judgments affirmed.