## Diehl *v.* Fidelity-Philadelphia Trust Company, Appellant, et al.

Argued October 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Michael A. Foley,* for appellant.

*Robert M. Bernstein,* for plaintiff-appellee.

*Benjamin O. Frick,* for defendant-appellee.

OPINION BY RHODES, J., October 30, 1946:

This action in trespass was brought by plaintiff against the Fidelity-Philadelphia Trust Company and the Metropolitan Life Insurance Company of New York to recover damages for personal injuries resulting from a fall on the sidewalk of the building located at the northwest corner of Broad and Walnut Streets in Philadelphia. The jury rendered a verdict for plaintiff against both defendants. Both defendants submitted points for

binding instructions and motions for judgment n. o. v. The court below dismissed the motion for judgment n. o. v. as to the Fidelity-Philadelphia Trust Company, and granted it as to the other defendant, the Metropolitan Life Insurance Company of New York. Accordingly, the court below entered judgment on the verdict in favor of plaintiff against the Fidelity-Philadelphia Trust Company, and judgment n. o. v. in favor of the Metropolitan Life Insurance Company of New York. Appeals were taken from both judgments, but the appeal from the judgment in favor of plaintiff against appellant, Fidelity-Philadelphia Trust Company is not pressed.

Plaintiff sustained personal injuries when she slipped and fell on ice on the Walnut Street sidewalk adjoining the building situate on the northwest corner of Broad and Walnut Streets, Philadelphia, on December 15, 1943. This building, known as the Manufacturers' Club, was owned by the Fidelity-Philadelphia Trust Company. The building immediately to the west on Walnut Street, known as the Stock Exchange Building, was owned by the Metropolitan Life Insurance Company of New York. The accident occurred between 9:50 and 9:55 a.m. when plaintiff was walking west on the north side of Walnut Street. It was a clear cold day, and there was no ice on any other pavement in the vicinity. Prior to the accident, notice of the condition on the sidewalk had been given to Fidelity-Philadelphia. It was found by the jury upon a special finding that the ice upon which plaintiff fell was "formed from steam coming from the Stock Exchange Building owned by the defendant, Metropolitan Life Insurance Company." This steam, because of a cold wind, condensed and fell, forming a coating of ice on the pavement adjoining the property of Fidelity-Philadelphia. The patch of ice in question was approximately 2½ by 6 feet, very thin and nearly the same color as the sidewalk, and was not readily noticeable. There was considerable testimony to the effect that the ice was not

noticeable to one walking on the street, and that it was necessary to bend over to see it.

The question of plaintiff's contributory negligence was properly left to the jury by the trial judge on the facts established by the evidence. See *Lumley v. Grove City Borough et al.,* 326 Pa. 61, 191 A. 126.

The court below held as a matter of law that the escaping steam from the Metropolitan property was not a proximate cause of the accident; and that the intervening negligence of Fidelity-Philadelphia was the proximate cause of plaintiff's injury.

The failure of Fidelity-Philadelphia after notice to remove the ice and maintain its sidewalk in a condition of reasonable safety for pedestrians was an act of negligence and a contributing cause of plaintiff's accident. But we do not agree with the court below that this brings the case within the following principle set forth in *Kline et al. v. Moyer et al.,* 325 Pa. 357, 364, 191 A. 43, 46: "We would formulate the general principle as follows: Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause."

The jury found that there was negligence on the part of both defendants. The evidence supports the verdict in this respect. Plaintiff's witnesses testified that for several years previous to the accident, as well as on the day of the accident, steam would come from an exhaust head on the Stock Exchange Building; that it was condensed on cold days and lodged as ice on the pavement adjoining the Manufacturers' Club; and that notice had been given of this fact on previous occasions to the engineer in charge of the Stock Exchange Building. There was also testimony that there was no condenser on the

exhaust of the Stock Exchange Building, and that a condenser would have prevented moisture from falling. Certainly it was negligence on the part of Metropolitan to persist in the maintenance of a condition which created an unreasonable risk of harm to pedestrians on Walnut Street. *Hudson v. Grace et al.,* 348 Pa. 175, 181, 34 A. 2d 498.

We think that Metropolitan's negligence was sufficiently established, and that under the evidence the escaping steam was not a mere circumstance but the primary cause of the accident. The argument presented on behalf of Metropolitan emphasizes the fact that other buildings in the neighborhood have steam exhausts similar to that of the Stock Exchange Building. To this argument an answer is found in the language of Mr. Justice HOLMES: " 'What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not': Texas & Pacific Ry. Co. v. Behymer, 189 U.S. 468, 470": *Hudson v. Grace et al.,* supra, 348 Pa. 175, at page 181, 34 A. 2d 498, at page 502.

We are of the opinion that the applicable and the controlling principle to the question before us in this appeal is found in Restatement, Torts, § 452: "Failure of a third person to perform a duty owing to another to protect him from harm threatened by the actor's negligent conduct is not a superseding cause of the other's harm." Fidelity-Philadelphia's failure to remove the ice from its pavement after notice was a clear breach of the duty which it owed to the public to maintain its pavement free from hazards of that character, and in a condition of reasonable safety. But Fidelity-Philadelphia's failure to perform its duty was not a superseding cause of harm to plaintiff resulting from Metropolitan's negligence. Metropolitan was bound to anticipate the natural consequence of the condition it created and also the nonaction of Fidelity-Philadelphia. Metropolitan's neg-

ligence was not insulated by Fidelity-Philadelphia's intervening negligence. See *Mautino et al. v. Piercedale Supply Co.*, 338 Pa. 435, 440, 13 A. 2d 51; *Cusatis v. Lehigh R. Co.*, 152 Pa. Superior Ct. 193, 198, 31 A. 2d 572; Restatement, Torts, §§ 440, 447. It was not an independent act of negligence by Fidelity-Philadelphia that produced the accident. Under the facts of this case both defendants were concurrently negligent, and it follows that they were jointly and severally liable. See *Holstein et al. v. Kroger Grocery & Baking Co. et al.*, 348 Pa. 183, 186, 34 A. 2d 491; *Bisson v. John B. Kelly, Inc.*, 314 Pa. 99, 105, 170 A. 139; Restatement, Torts, § 452, comment a.

Judgment n. o. v. in favor of the Metropolitan Life Insurance Company of New York is reversed; and judgment is directed to be entered on the verdict in favor of plaintiff and against the Metropolitan Life Insurance Company of New York; judgment in favor of plaintiff and against Fidelity-Philadelphia Trust Company is affirmed.