## McCaslin v. Bell et al.

*Scoblionko & Frank*, for plaintiff.

*Robert E. Haas* and *Morris Efron*, for defendants Ralph R. Bell and Kenneth L. Bell.

*Wallace H. Webster, Jr.,* for defendant Joseph Raible.

*Harold W. Helfrich,* for defendant Joseph Bett.

HENNINGER, P. J., January 23, 1950.—Plaintiff, a resident of Pittsburgh, is the owner and operator of a tractor-trailer involved in an accident west of Allentown in Lehigh County, with an automobile owned and operated by defendant, Joseph Bett, of Ohio. Plaintiff has joined as codefendants, the Bells of Mercer County and Joseph Raible of Pittsburgh, Allegheny County, complaining in a five-way alternate pleading that through the negligence of one or the other, several or all, defendants caused his damages.

Defendants, the Bells and Joseph Raible, filed preliminary objections to service of the writ upon them by deputization of the sheriffs of their respective counties and to joinder of the causes of action.

The cause of action against Bett is for negligent operation of his automobile causing it to collide with plaintiff's car; the cause against the Bells and Raible is that individually and consecutively, one in Mercer County and the other in Allegheny County, removed and negligently replaced a wheel on plaintiff's vehicle, which plaintiff says may have contributed to the cause of the accident.

We are not concerned here with the question of substantive law, how Bell's removal and replacement of a wheel could have caused an accident, when plaintiff pleads that the defectively replaced wheel was removed and replaced by defendant Raible before the accident occurred. For present purposes, we assume plaintiff can prove a causal connection.

For deputization of service, plaintiff relies upon Pa. R. C. P. 1043, which provides in actions of trespass:

"When an action against an individual is commenced in the county where the cause of action arose, the plaintiff shall have the right of service in any other county

by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

In Arcady Farms Milling Co. v. Rose et al., 63 D. & C. 555, it is stated:

"It seems therefore that it is required to hold that what is said as to service in rule 1043 has application only to those instances in which there is statutory authority as to jurisdiction and service in special types of trespass actions."

Taking this narrow view of Pa. R. C. P. 1043, we find statutory authority for deputized service in section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §738, as follows:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; or action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county. No action involving more than one hundred ($100.00) dollars shall be brought before any magistrate, alderman or justice of the peace."

This section is neither saved from suspension by Pa. R. C. P. 1401 and 1403, nor is it suspended by Pa. R. C. P. 1451 or 1453. It is too important a provision to be suspended by the blanket suspension in Pa. R. C.

P. 1453(4), nor is it inconsistent with Pa. R. C. P. 1043 and therefore it is not suspended under that provision.

We look then to The Vehicle Code to determine whether this is the type of action in which service by deputization is permissible. Is plaintiff seeking damages arising from the use and operation of any vehicle? Does the phrase "of any vehicle" mean plaintiff's vehicle as well as defendant's vehicle?

Certainly the claim against defendant Betts arises out of the use and operation of a vehicle, but defendant Betts is not questioning the extraterritorial service upon him under section 1 of the Act of May 14, 1929, P. L. 1721, as amended, 75 PS §1201.

If plaintiff has a cause of action against defendants, the Bells and Raible, it is one for damages arising from the use and operation of a vehicle, for without the use of the vehicle there would have been no damages. We need not decide whether plaintiff's cause of action for these defendants' negligence arose in the counties where the alleged negligent acts took place or in the county where it caused plaintiff's damages. The section of the act quoted gives the court jurisdiction "in the county wherein the alleged damages were sustained". Clearly, plaintiff's damages were sustained in Lehigh County.

To determine whether the words "of any vehicle" mean plaintiff's as well as defendant's vehicle, we must study the reason for the statutory provision. Surely one reason is the fact that a vehicle may do damage in Lehigh County one morning and be in New Jersey within an hour, Delaware, Maryland or New York in two hours, or Ohio in less than eight hours. For that reason it is important that one should be able to pursue a motorist defendant by deputization in distant parts of the State or by service on the Secretary of the Commonwealth if beyond our borders. To serve that

purpose the act would seem to refer to defendant's vehicle.

There may be significance in the use of the words *any* vehicle. Besides extending the act to other than motor vehicles, it broadens the term as widely as possible. Our appellate courts have given as a reason for giving jurisdiction with the right of service by deputization to the county where the damages were sustained that the county is "the ideal place for trial because of the availability and convenience of witnesses, the presence of relevant physical facts, and other such matters": Koll v. Pickford, 353 Pa. 118, 122; Hartman et al. v. Donahue et al., 142 Pa. Superior Ct. 382, 385.

The reasons given would apply as well when the vehicle involved is plaintiff's as when it is defendant's. In a given case—and ours looks like such a case—the convenience of the parties might call for a trial in the county where defendant's negligent acts were committed, but since the act seems to have extended jurisdiction with deputized service whenever damages arise out of the use and operation of any vehicle, particular cases must give way to general benefits. Plaintiff therefore had the right to deputized service of his writ against the Bells and Raible.

On the question of joinder, Pa. R. C. P. 2229(*b*) provides:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

Plaintiff's claim against all three groups of defendants arises out of the same "occurrence", that is, a collision near the City of Allentown, caused either by neg-

ligent operation of defendant's car, negligent repair of plaintiff's car, or both.

It is not so clear whether a "common question of law or fact" affects the liabilities of all persons. That language has been given liberal interpretation as indeed it must be given since a plaintiff in the same provision may sue in the same action persons jointly, separately, severally, or alternately liable.

The common question of fact is "who or what caused the damages to plaintiff and his car?" Since there is a common question of fact, we need not search for a common question of law relating to all defendants.

The test for joinder of defendants under modern procedure is not concurrence in the same act of negligence, but the concurrence of separate negligent acts to produce the same injury. Thus plaintiffs have been permitted to sue jointly drivers of two separate vehicles who are strangers to each other and are probably also negligent toward each other as well as toward plaintiff: Holstein et al. v. Kroger Grocery & Baking Co. et al., 348 Pa. 183, 186; Schiele et al. v. Motor Freight Express, Inc., et al., 348 Pa. 525, 528.

This principle applies, although the degree of care owed by several tortfeasors toward plaintiff is different. In Moraski et al. v. Philadelphia Rapid Transit Co. et al., 293 Pa. 224, 229, one defendant owed plaintiff the high degree of care owed a passenger by a carrier, while the other defendant, a user of the highway, owed only the degree of care due another such user. The same was true in Parker v. Rodgers et al., 125 Pa. Superior Ct. 48, 52.

In Williams v. Kozlowski et ux., 313 Pa. 219, 225, plaintiff was permitted to join as defendants the property owner who maintained a dangerous sidewalk and the City of Pittsburgh for permitting the property owner so to construct the sidewalk. In Diehl v. Fidelity-Philadelphia Trust Company et al., 159 Pa. Su-

perior Ct. 513, 518, joint suit was permitted against a property owner who failed to remove ice from a sidewalk and from a neighboring tenant whose faulty steam exhaust caused the ice to gather.

There is as close a causal connection between the negligence of defendants, the Bells and Raible, causing plaintiff's automobile to veer from its path and that of defendant, Betts, in turning into plaintiff's path as there was in any of the cases above cited. Any difference in degree or type of negligence is immaterial if both combined as the proximate cause of the accident.

Now, January 23, 1950, defendants' preliminary objections are overruled and dismissed and defendants may, if they see fit to do so, file an answer to plaintiff's complaint within 20 days after service of this order on their counsel.